LUM, DRASCO & POSITAN LLC
103 Eisenhower Parkway
Roseland, NJ 07068-1049
(973) 403-9000
(973) 403-9021 (FAX)
Attorneys for Plaintiff, MNM Stables, LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MNM STABLES, LLC, a limited liability company of the State of New Jersey,<br><br>   Plaintiff,<br><br>   -vs-<br><br>EDDIE WOODS STABLES, LLC, a limited liability company of the State of Florida, OCALA BREEDERS' SALES COMPANY, a corporation of the State of Florida, WATERVILLE INSURANCE & BLOODSTOCK SERVICES, LLC, a limited liability company of the State of Kentucky,<br><br>   Defendants. | COMPLAINT, JURY DEMAND AND CERTIFICATION |

Plaintiff, MNM Stables, LLC ("MNM Stables"), by way of Complaint against Eddie Woods Stables, LLC ("Eddie Woods Stables"). Ocala Breeders' Sales Company ("Ocala Breeders") and Waterville Insurance & Bloodstock Services, LLC ("Waterville Insurance"), says:

## PARTIES

1. MNM Stables is a New Jersey limited liability company. Its members are: Joseph Maloney, who is a citizen of and domiciled in the State of New Jersey; and Mike Moran, who is

279066_1

a citizen of and domiciled in the State of New Jersey.

2.     Upon information and belief, Eddie Woods Stables is a limited liability company. Eddie Woods Stables has one member: Eddie Woods, who is a citizen of and domiciled in the State of Florida.

3.     Upon information and belief, Ocala Breeders is a corporation incorporated under the laws of the State of Florida with its principal place of business in the State of Florida located at 1701 SW 60th Avenue, Ocala, Florida, 34478.

4.     Upon information and belief, Waterville Insurance is a limited liability company. Waterville Insurance has one member: John F. Goldthorpe who is a citizen of and domiciled in the State of Kentucky.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action by virtue of the fact that it is a civil action between companies of different states in which the value of the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

6.     Venue is appropriate in this District because MNM Stables is located in this District.

## FACTUAL ALLEGATIONS

7.     MNM Stables is engaged in thoroughbred horse breeding and racing. In early 2006, MNM Stables expressed its interest in purchasing a horse, Grand Cinnabar.

8.     Grand Cinnabar is a thoroughbred born in 2004. The horse was owned by Eddie Woods Stables and was being sold at an Ocala Breeders' Sales Company, a thoroughbred horse auction company.

9.     MNM Stables intended to use Grand Cinnabar as a race horse.

10. All negotiations between MNM Stables and Ocala Breeders' were done via telephone.

11. On March 20, 2006, MNM Stables appointed Jack Goldthorpe ("Goldthorpe"), the manager of Waterville Insurance, a company also engaged in thoroughbred horse breeding and racing, to act as its agent in completing the purchase of Grand Cinnabar.

12. On March 21, 2006, Ocala Breeders sent an invoice to MNM Stables for the purchase of Grand Cinnabar.

13. On April 12, 2006, Eddie Woods, the prior owner, sent MNM Stables the health records for Grand Cinnabar. See a true copy of the health records attached to the April 12, 2006 letter, attached hereto as Exhibit A.

14. These records disclosed vaccinations and dental procedures.

15. On April 22, 2006, MNM Stables paid $85,000.00 for the purchase of Grand Cinnabar.

16. For a time after the purchase, Eddie Woods continued to board and train Grand Cinnabar in Florida.

17. Waterville Insurance was authorized to pay Eddie Woods' fees, and submitted invoices to MNM Stables for reimbursement.

18. Grand Cinnabar now is boarded and trains in New Jersey.

19. MNM Stables has invested more than $34,000.00 in training and other fees in Grand Cinnabar.

20. Goldthorpe facilitated the transfer of Grand Cinnabar from Florida to New Jersey by truck.

21. Subsequent to the purchase of the horse, MNM Stables obtained complete copies

of Grand Cinnabar's medical records. See a true and complete copy of Grand Cinnabar's health records dated October 27, 2006 through May 17, 2007, attached hereto as Exhibit B.

22. The complete medical record indicates treatments undisclosed by Defendants.

23. Specifically, the April 12, 2006 document did not disclose, among other things:

   a. October 21, 2005 shin scraping;

   b. March 2, 2006 joint injections; and

   c. March 6, 2006 joint injections.

24. These complete medical records indicate that Grand Cinnabar has sesamoiditis and bucked shins.

25. These medical issues render the horse unable to race.

## COUNT ONE
### (Breach of Contract)

26. MNM Stables repeats and realleges each and every allegation contained in each of the preceding Paragraphs and incorporates same as if fully set forth herein at length.

27. Defendants and MNM Stables entered into an agreement with respect to the purchase of Grand Cinnabar.

28. MNM Stables has properly performed by paying all bills related to the purchase of such horse.

29. Defendants are in breach of their obligations to MNM Stables by failing to disclose certain medical problems and subsequent treatment rendered to Grand Cinnabar.

30. As a consequence and result of defendants' breaches, MNM Stables has sustained, and will continue to sustain, damages.

**WHEREFORE**, plaintiff, MNM Stables, LLC, demands judgment against defendants,

Eddie Woods Stables, LLC, Ocala Breeders' Sales Company and Waterville Insurance & Bloodstock Services, LLC, jointly and severally, for compensatory damages in an amount not less than the purchase price plus all costs incurred by plaintiff for training and related expenses, for incidental and consequential damages, together with pre-judgment interest, costs and attorneys' fees, and for such other and further relief as this Court deems appropriate.

### COUNT TWO
### (Consumer Fraud)

31.   MNM Stables repeats and realleges each and every allegation contained in each of the preceding Paragraphs and incorporates same as if fully set forth herein at length.

32.   The Defendants used an unconscionable commercial practice, deception, fraud, false pretenses, false promises and/or misrepresentation in the sale of Grand Cinnabar.

33.   Plaintiff is entitled to damages, pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -106, due to the Defendants' willful, knowing and reckless behavior.

**WHEREFORE**, plaintiff, MNM Stables, LLC, demands judgment against defendants, Eddie Woods Stables, LLC, Ocala Breeders' Sales Company and Waterville Insurance & Bloodstock Services, LLC, jointly and severally, for compensatory damages in an amount not less than the purchase price plus all costs incurred by plaintiff for training and related expenses, for incidental, consequential and treble damages, together with pre-judgment interest, costs and attorneys' fees, and for such other and further relief as this Court deems appropriate.

### COUNT THREE
### (Common Law Fraud)

34.   MNM Stables repeats and realleges each and every allegation contained in each of the preceding Paragraphs and incorporates same as if fully set forth herein at length.

35.   Defendants' acts were willfully wrong and made in bad faith with reckless

279066_1                                    - 5 -

disregard for Plaintiff's interest in the horses.

36. Plaintiff has sustained damages as a result of such fraudulent conduct.

**WHEREFORE**, plaintiff, MNM Stables, LLC, demands judgment against defendants, Eddie Woods Stables, LLC, Ocala Breeders' Sales Company and Waterville Insurance & Bloodstock Services, LLC, jointly and severally, for compensatory damages in an amount not less than the purchase price plus all costs incurred by plaintiff for training and related expenses, for incidental, consequential and punitive damages, together with pre-judgment interest, costs and attorneys' fees, and for such other and further relief as this Court deems appropriate.

### COUNT FOUR
### (Rescission)

37. MNM Stables repeats and realleges each and every allegation contained in each of the preceding Paragraphs and incorporates same as if fully set forth herein at length.

38. Defendants and MNM Stables entered into an agreement with respect to the purchase of Grand Cinnabar.

39. This agreement was fraudulently procured by defendants, as the true health of Grand Cinnabar was purposefully withheld.

40. Defendants' fraudulent actions damaged Plaintiff.

41. The health status of Grand Cinnabar was a material term of the contract for the purchase of the equine.

**WHEREFORE**, plaintiff, MNM Stables, LLC, demands judgment against defendants, Eddie Woods Stables, LLC, Ocala Breeders' Sales Company and Waterville Insurance & Bloodstock Services, LLC, jointly and severally, for rescission of the contract, compensatory damages in an amount not less than the purchase price plus all costs incurred by plaintiff for

training and related expenses, for incidental and consequential damages, together with pre-judgment interest, costs and attorneys' fees, and for such other and further relief as this Court deems appropriate.

## COUNT FIVE
### (Uniform Commercial Code – Breach of Express Warranty)

42. MNM Stables repeats and realleges each and every allegation contained in each of the preceding Paragraphs and incorporates same as if fully set forth herein at length.

43. The April 12, 2006 correspondence from Eddie Woods Stables to MNM Stables constituted an express warranty as to the health of Grand Cinnabar, pursuant to N.J.S.A. 12A:2-313.

44. The Defendants' failures to reveal Grand Cinnabar's true medical condition breached this express warranty.

45. As a result of Defendants' failures, MNM Stables has been damaged.

**WHEREFORE**, plaintiff, MNM Stables, LLC, demands judgment against defendants, Eddie Woods Stables, LLC, Ocala Breeders' Sales Company and Waterville Insurance & Bloodstock Services, LLC, jointly and severally, for compensatory damages in an amount not less than the purchase price plus all costs incurred by plaintiff for training and related expenses, for incidental and consequential damages, together with pre-judgment interest, costs and attorneys' fees, and for such other and further relief as this Court deems appropriate.

## COUNT SIX
### (Uniform Commercial Code – Breach of Implied Warranty of Fitness)

46. MNM Stables repeats and realleges each and every allegation contained in each of the preceding Paragraphs and incorporates same as if fully set forth herein at length.

47. MNM Stables intended to use Grand Cinnabar as a race horse and Defendants sold

Grand Cinnabar for this particular purpose.

48. The Defendants' failures to reveal Grand Cinnabar's true medical condition breached this implied warranty, pursuant to N.J.S.A. 12A:2-315.

49. As a result of Defendants' failures, MNM Stables has been damaged.

**WHEREFORE**, plaintiff, MNM Stables, LLC, demands judgment against defendants, Eddie Woods Stables, LLC, Ocala Breeders' Sales Company and Waterville Insurance & Bloodstock Services, LLC, jointly and severally, for compensatory damages in an amount not less than the purchase price plus all costs incurred by plaintiff for training and related expenses, for incidental and consequential damages, together with pre-judgment interest, costs and attorneys' fees, and for such other and further relief as this Court deems appropriate.

## COUNT SEVEN
### (Breach of Duty of Good Faith and Fair Dealing)

50. MNM Stables repeats and realleges each and every allegation contained in each of the preceding Paragraphs and incorporates same as if fully set forth herein at length.

51. The sale of Grand Cinnabar to MNM Stables had an implied covenant of good faith and fair dealing not to deprive MNM Stables of the expected benefits of their bargain and contractual rights.

52. By virtue of the conduct alleged, Defendants have breached the implied covenant of good faith and fair dealing.

**WHEREFORE**, plaintiff, MNM Stables, LLC, demands judgment against defendants, Eddie Woods Stables, LLC, Ocala Breeders' Sales Company and Waterville Insurance & Bloodstock Services, LLC, jointly and severally, for compensatory damages in an amount not less than the purchase price plus all costs incurred by plaintiff for training and related expenses, for incidental and consequential damages, together with pre-judgment interest, costs and

attorneys' fees, and for such other and further relief as this Court deems appropriate.

## COUNT EIGHT
### (Unjust Enrichment)

53.     MNM Stables repeats and realleges each and every allegation contained in the preceding Paragraphs of this Complaint and incorporates same as if fully set forth herein at length.

54.     Defendants have received, and will continue to receive, financial benefit due to MNM Stables' purchase of Grand Cinnabar.

55.     As the direct and proximate result of such receipt of benefits, Defendants have been unjustly enriched to MNM Stables' detriment.

**WHEREFORE**, plaintiff, MNM Stables, LLC, demands judgment against defendants, Eddie Woods Stables, LLC, Ocala Breeders' Sales Company and Waterville Insurance & Bloodstock Services, LLC, jointly and severally, for compensatory damages in an amount not less than the purchase price plus all costs incurred by plaintiff for training and related expenses, for incidental and consequential damages, together with pre-judgment interest, costs and attorneys' fees, and for such other and further relief as this Court deems appropriate.

## COUNT NINE
### (Interference With Prospective Economic Advantage)

56.     MNM Stables repeats and realleges each and every allegation contained in each of the preceding Paragraphs of the Complaint and incorporates same as if fully set forth herein at length.

57.     MNM Stables has a reasonable expectation of economic advantage in its purchase of Grand Cinnabar.

58.     Defendants' actions as aforesaid were taken intentionally, without justification, and with the knowledge and expectation that MNM Stables' rights and expectations would be

adversely affected.

59. By virtue of the foregoing, Defendants have interfered with MNM Stables' prospective economic advantage.

**WHEREFORE**, plaintiff, MNM Stables, LLC, demands judgment against defendants, Eddie Woods Stables, LLC, Ocala Breeders' Sales Company and Waterville Insurance & Bloodstock Services, LLC, jointly and severally, for compensatory damages in an amount not less than the purchase price plus all costs incurred by plaintiff for training and related expenses, for incidental and consequential damages, together with pre-judgment interest, costs and attorneys' fees, and for such other and further relief as this Court deems appropriate.

## COUNT TEN
### (Tortious Breach)

60. MNM Stables repeats and realleges each and every allegation contained in each of the preceding Paragraphs of the Complaint and incorporates same as if fully set forth herein at length.

61. Defendants' actions were willful, intentional, malicious, were taken with the intention to cause injury to MNM Stables and with reckless disregard of the injury that would be caused to MNM Stables.

62. As such, MNM Stables is entitled to an award of punitive damages as against Defendants.

**WHEREFORE**, plaintiff, MNM Stables, LLC, demands judgment against defendants, Eddie Woods Stables, LLC, Ocala Breeders' Sales Company and Waterville Insurance & Bloodstock Services, LLC, jointly and severally, for compensatory damages in an amount not less than the purchase price all costs incurred by plaintiff for training and related expenses, for incidental, consequential and punitive damages, together with pre-judgment interest, costs and

attorneys' fees, and for such other and further relief as this Court deems appropriate.

LUM, DRASCO & POSITAN LLC
Attorneys for Plaintiff, MNM Stables, LLC

By: _____
PAUL A. SANDARS, III (PAS 4205)

DATED: October 23, 2007

## JURY DEMAND

Plaintiff, MNM Stables, LLC hereby demands a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

The undersigned certifies and declares that the matter in controversy is not the Subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding.

LUM, DRASCO & POSITAN LLC
Attorneys for Plaintiff, MNM Stables, LLC

By: _____
PAUL A. SANDARS, III (PAS 4205)

DATED: October 23, 2007

279066_1

- 11 -